OPINION.
Scofield, J.,
delivered the opinion of the court:
The claimant, after serving thirteen years as chief engineer on the active list of the Navy, in consequence of disability originating in the line of duty was placed upon the retired list.
The question is as to the amount of his retired pay.
By the accounting officers of the Treasury he was 75 per cent, of his own sea-pay at the time of his retirement, but he thinks that he is entitled to 75 per cent, of the sea-pay of a ehief engineer who has served as such more than twenty years. It makes a difference of $525 a year.
The law of the case is embraced in the following the Revised Statutes:
Sec. 1588. The pay of all officers of the Navy who have been retired after forty-five years' service after reaching the age of sixteen years, or who have been or may be retired after forty years’ service, upon their own application to the President, or on attaining the age of sixty-two years, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea-pay provided by this chapter for the grade or rank which they held, respectively, at the time of their retirement. The pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the sea-pay provided by this chapter for the grade or rank held by them, respectively, at the time of their retirement.
*343 The intention of the law seems at first to be plain enough, but the disagreement originates in the use of the words “grade or rank.” The section includes all divisions of the Navy* but all divisions are not paid according to what is technically called, in-the law, grade or rank. When the pay on the active list is determined by grade or rank, technically so called, there is no difficulty in ascertaining the pay on the retired list. But Navy officers are classified — 1, according to duty, office, or titlej 2, according to relative importance or honor; 3, according to compensation. All of these classes come within the normal meaning of the words “grade or rank.” The law designates some of them as grades or ranks by name, others only by description.
In the Corps of Engineers there are divisions by which pay is regulated, but they are not called, in the law, grades or ranks. There are other divisions which are called grades or ranks, for which there is no corresponding grades of pay, as appears in the following sections of the Revised Statutes:
Sec. 1390. The active list of the Engineer Corps of the Ñavy shall consist •of seventy chief engineers, who shall be divided into three grades, by relative rank, as provided in chapter four of this title (section 1476): Ten. •chief engineers; fifteen chief engineers; and forty-five chief engineers, who shall have the relative rank of lieutenant-commander or lieutenant.
And each and all of the above-named officers of the Engineer Corps shall have the pay of chief engineers of the Navy, as now provided.
Sec. 1476. Officers of the Engineer Corps on the active list shall have relative rank as follows: Of the chief engineers, ten shall have the relative rank of captain, fifteen that of commander, and forty-five that of lieutenant-commander or lieutenant.
Here the class of chief engineers is divided into three grades and three ranks, technically so called, but they, are grades and ranks of honor or duty, with no corresponding divisions on the pay-roll. On the contrary, the pay of chief engineers, as appears in section 1556, is governed entirely by length of service. It is very clear, therefore, that the grade-or rank described in sections 1390 and 1476 is not the grade or rank called for in section 1588. To this both claimant and defendants agree, and yet this is the only classification of chief engineers which the law distinctly and technically calls a grade or rank.
The division in the Engineer Corps which consists of seventy chief engineers, although not denominated in the law a grade *344 or rank, might be so considered if that would solve the question, but it only involves it in greater obscurity. Chief engineers have no uniform rate of pay. Their sea-pay varies from $2,800 to $4,200. Each of these several sums constitute the pay of a chief engineer, and there is nothing in the lav to indicate upon which amount the pay of the retired officer is to be calculated. Besides, the words “chief engineer” indicate the title or office, rather than the grade or rank of the officer.. The difference between office and title on the one hand and rank and grade on the other is discussed and well defined in Wood’s Case (15 C. Cls. R., 151) and 15th edition of Bouvier’s Law Dictionary, “Rank.”
Here we have a division which the law does not call a grade or rank, and which does not correspond with any single grade of pay, and yet it is the division selected by the claimant from which to reckon his retired pay. However, he not only admits,, but stoutly contends, that this construction makes the law ambiguous. So, indeed, it does, and .incongruous also.
To clear up this ambiguity he refers to the debate in the Senate on the passage of the law, and infers theiSfrom that it was. indended to make the retired pay of a chief engineer, no matter in what pay-grade he happened to be when retired, 75 per centum of $4,200. Waiving any question about arriving at the meaning of a law by what some members in one house thought it was, the debate does not appear to sustain the claimant’s inference. The bill proposed to raise the retired pay of all Navy officers described therein from 50 to 75 per centum of their pay on the active list. Now, these officers have four-grades in their active pay, to wit, furlough, waiting-orders, shore-duty, and sea pay. The question discussed in the Senate-was whether the 75 per centum should be calculated on the sea-pay, which is the highest, or on some lower grade. It does not appear that Senators at all considered the question involved in this suit. It is quite probable that it did not at the time occur to them that Navy officers on different rolls were graded for-pay, duty, and honor.
It is further said that, by the construction given to the old law by the accounting officers, a retired chief engineer, regardless of the lustrum or p&y grade from which he was retired, received the sum of $2,100. Although it appears by the Senate *345 debate tbat tbe intention was to increase retired pay from 50 per centum, tbe old rate, to 75 per centum, there would during tbe first lustrum, unless claimant’s construction is adopted, be no increase. In each case tbe retired pay is $2,100. If tbe accounting officers properly construed tbe old law, wbicb we need not here consider, tbat effect would follow. But it would be for a short time only — never exceeding'five years. But, on tbe other band, the rule or construction advocated by tbe claimant would lead to most preposterous results.
According to this construction, a chief engineer, retired soon after receiving bis commission, would for -tbe first five years be paid $350 a year more than bis highest pay on tbe active list. For tbe second five years bis retired pay would be only $50 a year less than bis highest pay on tbe active list. So tbat at tbe end of ten years be would actually have- drawn from tbe Treasury $1,500 more than be would have been paid if be bad remained on tbe active list and bad been all this time at sea. It should be remembered, also, tbat an officer on tbe active list is not, as a rule, on sea-pay more than half tbe time. Tbe other half be is on waiting orders or sfhore-duty pay. In each lustrum, by a fair average, be would be entitled to sea-pay for about two years and a half, to shore:duty pay for about two years, and to waiting-orders pay for about six months. Carrying this average through twenty years of service, tbe entire pay of a chief engineer on tbe active list would amount to only $61,900, but on tbe retired list to $63,000." It will be seen by this calculation tbat tbe retired-officer, besides having all bis time during these twenty years to devote to any remunerative employment compatible with bis condition of health, would actually receive $1,100 more pay. -
But tbe law is susceptible of a very simple and reasonable construction. On tbe pay-rolls of the Navy we find tbe whole body of chief engineers divided into five grades or ranks, with specific compensation assigned to each. These grades for. pay are provided for in tbe following extract of section 1556 of tbe Revised Statutes:
Surgeons, paymasters, and cliief engineers who have the same rank with paymasters during the first five years after date of commission, when at sea, $2,800; onshore duty, $2,400; ou leave or waiting orders, $2,000; during the second five years after such date, when at sea, $3,200; on shore duty, $2,800; on leave or waiting orders, $2,400; during the third five years *346 after such date, when at sea, $3,500; on shore duty, $3,200; on leave or ■waiting orders, $2,600; during fourth five years after such date, when at sea, $3,700; on shore duty, $3,600; on leave or waiting orders, $2,800; after twenty years from such date, when at sea, $4,200; on shore duty, $4,000; on leave or waiting orders, $3,000.
The law omits to call these pay divisions grades, just as it omits to call the chief engineer division a grade, but it indicates pay grades by description. These pay grades harmonize most perfectly with section 1588. Together they give to the retired chief engineer 75 per centum of the sea-pay of the pay grade (as prescribed in section 1556) which he held at the time of his retirement. In this construction of these two sections all ambiguity, incongruity, and absurd results disappear.
Another construction which has been suggested, though not strictly grammatical, yet involving no unnatural use of the words and leading to no preposterous results, is found by associating the words “at the time of his retirement” with the words “75 per centum of the sea-pay,” in the preceding line. This construction, like the other, gives to a retired officer three-fourths of the sea-pay to which he was entitled on the active list at the time of his retirement. This amount has been allowed the claimant by the accounting officers of the Treasury, and in our judgment he is legally entitled to no more.
This question has been recently discussed aud decided in Thornley’s Case (ante, 111). It would have been enough simply to have referred to that case as ruling this, but, at the special request of counsel for the claimant, we have gone over the ground again by a different route,, only to arrive at the same conclusion.
The claimant also asks to be allowed longevity pay on the retired list. This question was also decided in the Thornley Case. The opinion was delivered by the chief justice. Without attempting to add to his argument, we adopt, the conclusion which rules this case against the claimant.
The decision of the court is that the claimant’s petition be dismissed.